IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANITA LANGLEY, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-12-1562 |
| § | | |
| WEINSTEIN & RILEY, P.S., § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This debt collection case is before the Court on Plaintiff Anita Langley ("Plaintiff") and Defendant Weinstein & Riley, P.S.'s ("Defendant") cross-motions for Summary Judgment.[1]  The Court has carefully reviewed the parties' arguments, the record, and applicable law, and concludes Plaintiff's Motion for Partial Summary Judgment should be **denied** and Defendant's Motion for Summary Judgment should be **granted in part** as to the claims in Counts III, IV, V, VI, VII, IX, and XI; paragraphs 63-67 of Count VIII; and paragraphs 77, 80, and 81 of Counts XII of the Amended Complaint [Doc. # 6] and **denied in part** as to the claims in Counts I and II; paragraph 62 of Count VIII, and paragraph 76 of Count XII of the Amended

---

[1]Plaintiff filed a Motion for Partial Summary Judgment [Doc. # 33]. Defendant filed a Notice of Motion for Summary Judgment [Doc. # 34] and a Memorandum in Support [Doc. # 37]. Plaintiff filed a response to Defendant's Motion [Doc. # 38]. The deadline to file further responses has passed.

Complaint.

## I.     BACKGROUND

On March 23, 2012, Defendant sent a letter to Plaintiff informing her that it was national legal counsel for Discover Bank and that the Bank retained it to collect Plaintiff's outstanding balance of $11,286.69 on her Discover Card account.[2]

On May 22, 2012, Plaintiff filed suit, alleging that Defendant violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001, *et seq.*  Her allegations involve five types of violations:  (1) a failure to meaningfully and clearly convey that requests for proof of the debt or the name and address of the original creditor under 15 U.S.C. § 1692g(a)(4) and (5) must be in writing, (2) falsely representing that oral requests for proof of the debt or the name and address of the original creditor will temporarily suspend collection efforts, (3) threatening imminent legal action or suggesting that legal action had already been commenced against Plaintiff, (4) falsely representing that Plaintiff may owe Defendant attorneys' fees and costs, and (5) falsely representing that an attorney reviewed and sent the March 23, 2012 letter.[3]

---

[2] Mar. 23 Collection Letter [Exh. A to Doc. # 33], at 1; Affidavit of Jason Anderson [Doc. # 35], at 1.

[3] *See* Amended Complaint, at 6-19.

On June 18, 2012, Defendant, filed a Motion to Dismiss [Doc. # 3]. Plaintiff thereafter filed an Amended Complaint [Doc. # 6]. In response, Defendant filed a Motion to Strike the Amended Complaint [Doc. # 8]. On July 20, 2012, The Court denied Motion to Dismiss as moot and denied the Motion to Strike the Amended Complaint [Doc. # 12]. On July 23, 2012, Defendant filed a Motion to Dismiss the Amended Complaint [Doc. # 13], which the Court denied [Doc. # 25] on October 1, 2012.

## II.  LEGAL STANDARD

### A.  Summary Judgment Standard

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325; *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there

is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

Although the Court may consider other materials in the record, the Court only needs to consider cited materials. FED. R. CIV. P. 56(c)(3). The Court is not required to accept the non-movant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 413 (5th Cir. 2003)); *see also Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (stating that "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden); *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) (explaining that "a party's self-serving and unsupported claim" in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary). Affidavits cannot preclude summary judgment unless they contain

competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Hous.*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (internal quotation marks and citation omitted). In the absence of any proof, the Court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### B.     FDCPA Standard

"When deciding whether a debt collection letter violates the FDCPA, this court 'must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Goswami v. Am. Collections Enters., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004)). Although the Court assumes "the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors," the Court "do[es] not consider the debtor as tied to the very last rung on the [intelligence or] sophistication ladder." *Id.* (quoting *Goswami*, 377 F.3d at 495) (internal citation marks omitted). "This standard serves

the dual purpose of protecting all consumers, including the inexperienced, the untrained[,] and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993)). The debt collection letter is read as a whole to determine if it violates the FDCPA. *See Peter*, 310 F.3d at 349.

## III. ANALYSIS

### A. Withdrawn and Abandoned Claims

In response to Defendant's Motion for Summary Judgment, Plaintiff has withdrawn her claims in Counts IV, V, VI, VII, IX, and XI. Response, at 2. Additionally, although Defendant moves for summary judgment on each of Plaintiff's claims, Plaintiff only addresses Defendant's arguments involving the March 23 letter's alleged representation that oral requests for proof of the debt or the name and address of the original creditor are sufficient and will temporarily suspend collection efforts.[4] Plaintiff does not respond to Defendant's arguments concerning, or cite to any evidence supporting, her claims in Count III, paragraphs 63-67 of Count VIII, and paragraphs 77, 80, and 81 of Count XII. Accordingly, the Court deems these claims

---

[4]*See* Response, at 5-6; Plaintiff's Motion for Partial Summary Judgment, at 4-7.

abandoned and summary judgment dismissing them will be granted. *See Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 113 (5th Cir. 2010) (The fact that [plaintiff] raised this argument in its complaint will not save it from waiver if it failed to present this argument in its summary judgment motions." (citation omitted)); *Vela v. City of Hous.*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Penrod v. Bank of N.Y. Mellon*, 824 F. Supp. 2d 754, 763 ("Plaintiffs' summary judgment response has abandoned the claim, offering no briefing on the subject." (citing *Vela*, 276 F.3d at 678-79)). The Court, therefore, grants Defendant's Motion for Summary Judgment as to Counts III, IV, V, VI, VII, IX, and XI; paragraphs 63-67 of Count VIII; and paragraphs 77, 80, and 81 of Count XII.

### B.   Count I: 15 U.S.C. § 1692g(a) Claim

In Count I of the Amended Complaint, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(a)[5] by "failing to meaningfully convey that requests under

---

[5]Section 1692g(a) states that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>     (1) the amount of the debt;
>     (2) the name of the creditor to whom the debt is owed;
>     (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>     (4) a statement that if the consumer notifies the debt collector in

subsections (a)(4) and (a)(5) must be made in writing." Amended Complaint, at 6. A debt collector can violate a subsection of § 1629g in two ways. *See Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 868 (S.D. Tex. 2001) (Rosenthal, J.). "First, a debt collector violates § 1692g by failing to provide the information the statute requires." *Id.* (citing *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)). Second, a debt collector violates § 1692g if the debt collector's communication, by its form or context, distorts or obfuscates the required disclosures in § 1692g. *See Peter v. GC Servs. L.P*, 310 F.3d 344, 348 (5th Cir. 2002) (collecting cases).

The March 23 letter contains the disclosures required by § 1692g(a). The letter includes the language in § 1692g(a)(4) and (5) almost verbatim in a bold paragraph labeled "IMPORTANT NOTICE"[6] that appears at the very end of the letter.[7]

---

> writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>     (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

[6]Unlike in *Osborn*, Defendant informed Plaintiff in its § 1692g(a) disclosure that requests under subsections (a)(4) and (a)(5) must be in writing. *Compare* 821 F. Supp. 2d at 869-70, *with* Collection Letter, at 2.

[7]*See* Collection Letter, at 2.

However, the letter also states in bold in the middle of the same page that:

> If you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this letter, the law requires W&R to suspend its efforts (through litigation or otherwise) to collect the debt until it mails the requested information to you.[8]

This paragraph ("the Cessation of Collection Paragraph") does not disclose, as § 1692g(a) and (5) require, that the dispute of the debt and the request to Defendant for information must be "in writing." The inclusion in the letter of the Cessation of Collection Paragraph as well as the "IMPORTANT NOTICE" paragraph creates a genuine issue of material fact whether an unsophisticated or the least sophisticated debtor would be confused whether the debtor's dispute of the debt or request for more information is effective if made orally or whether it must be made in writing. The Court, therefore, denies Defendant's Motion for Summary Judgment as to Count I.

### C. Count II: 15 U.S.C. § 1692g(b) Claim

In Count II, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(b) by either actually contradicting or failing to explain an apparent contradiction between the letter's disclosures pursuant to § 1692g(a)(4) and (5) and the Cessation of Collection Paragraph. Under § 1692g(b) of the FDCPA:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any

---

[8] *Id.*

> portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector . . . Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. 1692g(b) (emphasis added). Although "the statute does not require the debt collector to inform the debtor of the obligation to cease collection under these circumstances," *see Peter*, 310 F.3d at 348 (citing 15 U.S.C. § 1692g(a), (b)), the debt collector, during the 30-day period triggered by the debt collection notice, may not engage in "[a]ny collection activities and communication" that "overshadow[s] or [is] inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). In this case, a genuine issue of material fact exists whether the omission of the phrase "in writing" in the Cessation of Collection Paragraph overshadows or is inconsistent with disclosure of this right. Defendant's Motion for Summary Judgment is denied as to Count II.

### D.     Count VIII: 15 U.S.C. § 1692e(10) Claim

Plaintiff and Defendant, respectively, seek summary judgment on Plaintiff's claim under 15 U.S.C. § 1692e(10) of the FDCPA, found in paragraph 62 of Count

VIII of the Amended Complaint. Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This section contains a non-exhaustive list of representations and collection methods that violate this provision. *See id.* Subsection 1692e(10) makes it unlawful to "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Plaintiff alleges that Defendant "falsely represent[ed] that an oral request for proof of the debt or the name and address of the original creditor legally requires Defendant to suspend its efforts to collect the debt until it mails the requested information."[9] Defendant asserts that the letter does not violate 15 U.S.C. § 1692e because the Cessation of Collection Paragraph is "silent on the form of communication required to dispute or validate the debt" and that the "IMPORTANT NOTICE" paragraph makes clear that disputes or requests must be made "in writing."[10] While the inconsistency on which Plaintiff relies does not amount to a "false" statement, the Court cannot find as a matter of law that the omission of "in writing" would not mislead an unsophisticated or the least sophisticated debtor.

---

[9] Amended Complaint, at 14, 18; Response, at 4-5.

[10] *See* Defendant's Motion for Summary Judgment, at 10-11.

Accordingly, the Court denies Defendant's Motion for Summary Judgment as to paragraph 62 of Count VIII.

### E.     Count XII: Tex. Fin. Code § 392.304(a)(19) Claim

Defendant also seeks summary judgment as to Plaintiff's TDCA claim under Texas Financial Code § 392.304(a)(19), found in paragraph 76 of Count XII of the Amended Complaint. "The FDCPA and the TDCA are very similar." *See Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 666-67 (N.D. Tex. 2010) (citing *Bullock v. Abbott & Ross Credit Servs., L.L.C.*, No. A–09–CV–413 LY, 2009 WL 4598330, at *2 n.3 (W.D. Tex. Dec. 3, 2009); *Prophet v. Myers*, 645 F. Supp. 2d 614, 617 & n.3 (S.D. Tex. 2008)). Texas Financial Code § 392.304(a)(19) makes it unlawful for a debt collector to "us[e] any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Section 1692e(10) makes it unlawful to "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Plaintiff's allegations based on these provisions of the FDCPA and the TDCA are identical.[11] Accordingly, the Court denies Defendant's Motion for Summary Judgment as to Plaintiff's claims under Texas Financial Code § 392.304(a)(19) for the reasons stated in Section III.D of this Memorandum and

---

[11]*See* Amended Complaint, at 14, 18.

Order.  *See Cox*, 726 F. Supp. 2d at 667.

IV. **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 33] is **DENIED.**  It is further

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 34] is **GRANTED in part** as to Counts III, IV, V, VI, VII, IX, and XI; paragraphs 63-67 of Count VIII; and paragraphs 77, 80, and 81 of Counts XII of the Amended Complaint [Doc. # 6] and **DENIED in part** as to Counts I and II; paragraph 62 of Count VIII; and paragraph 76 of Count XII of the Amended Complaint.

SIGNED at Houston, Texas this 6th day of **May, 2013.**

_____
Nancy F. Atlas
United States District Judge