# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANITA LANGLEY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1562 |
| | § | |
| WEINSTEIN & RILEY, P.S., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This debt collection case is before the Court on Plaintiff Anita Langley ("Plaintiff") and Defendant Weinstein & Riley, P.S.'s ("Defendant") cross-motions for Reconsideration.[1]  The Court has carefully reviewed the parties' arguments, the record, and applicable law, and **vacates** its prior Memorandum and Order ("May 6 Memorandum") [Doc. # 40].  The Court concludes that Plaintiff's Partial Motion for Summary Judgment should be **granted** as to paragraph 62 of Count VIII and Defendant's Motion for Summary Judgment should be **granted in part** as to the claims in Counts I, II, III, IV, V, VI, VII, IX, and XI; paragraphs 63-67 of Count VIII; and paragraphs 77, 80, and 81 of Counts XII of the Amended Complaint [Doc. # 6]

---

[1]     On May 20, 2013, Plaintiff filed a Motion for Reconsideration [Doc. # 41]. Defendant filed a Motion for Reconsideration [Doc. # 42] and an accompanying Memorandum of Law [Doc. # 43] on May 29, 2013.  Plaintiff filed a Response to the Motion for Reconsideration [Doc. # 44] on May 29, 2013.

and **denied in part** as to the claims in paragraph 62 of Count VIII and paragraph 76 of Count XII of the Amended Complaint.

## I.     BACKGROUND

On March 23, 2012, Defendant sent a letter ("Collection Letter") to Plaintiff informing her that it was national legal counsel for Discover Bank and that the Bank retained it to collect Plaintiff's outstanding balance of $11,286.69 on her Discover Card account.[2]

On May 22, 2012, Plaintiff filed suit, alleging that Defendant violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392.001, *et seq.* On June 18, 2012, Defendant, filed a Motion to Dismiss [Doc. # 3].  Plaintiff thereafter filed an Amended Complaint [Doc. # 6].  In her Amended Complaint, Plaintiff alleges five types of violations:  (1) a failure to meaningfully and clearly convey that requests for proof of the debt or the name and address of the original creditor under 15 U.S.C. § 1692g(a)(4) and (5) must be in writing, (2) falsely representing that oral requests for proof of the debt or the name and address of the original creditor will temporarily suspend collection efforts, (3) threatening imminent legal action or suggesting that legal action had already been commenced against

---

[2]     Collection Letter [Exh. A to Doc. # 33], at 1; Affidavit of Jason Anderson [Doc. # 35], at 1.

Plaintiff, (4) falsely representing that Plaintiff may owe Defendant attorneys' fees and costs, and (5) falsely representing that an attorney reviewed and sent the Collection Letter.[3]   In response, Defendant filed a Motion to Strike the Amended Complaint [Doc. # 8].  On July 20, 2012, the Court denied the Motion to Dismiss as moot and denied the Motion to Strike the Amended Complaint [Doc. # 12].  On July 23, 2012, Defendant filed a Motion to Dismiss the Amended Complaint [Doc. # 13], which the Court denied [Doc. # 25] on October 1, 2012.  The parties had over seven months from the execution of service on Defendant to conduct discovery.  *See* Return of Service [Doc. # 5]; Scheduling Order [Doc. # 26], at 2.

On March 8, 2013, Plaintiff filed a Motion for Partial Summary Judgment [Doc. # 33].  Three days later, Defendant filed a Notice of Motion for Summary Judgment [Doc. # 34] and a Memorandum in Support [Doc. # 37].  Plaintiff filed a Response to Defendant's Motion for Summary Judgment ("Summary Judgment Response") [Doc. # 38].  On May 6, 2012, the Court issued the May 6 Memorandum that (1) denied Plaintiff's Motion for Partial Summary Judgment; (2) granted Defendant's Motion for Summary Judgment in part as to the claims in Counts III, IV, V, VI, VII, IX, and XI; paragraphs 63-67 of Count VIII; and paragraphs 77, 80, and 81 of Counts XII of the Amended Complaint; and (3) denied Defendant's Motion for Summary Judgment in

---

[3]      *See* Amended Complaint, at 6-19.

part as to the claims in Count I and II; paragraph 62 of Count VIII; and paragraph 76 of Count XII of the Amended Complaint.

The parties both seek reconsideration of aspects of the Court's May 6 Memorandum. On reconsideration, the Court vacates the May 6 Memorandum denying summary judgment on four claims, grants summary judgment on those claims, and reaffirms the prior rulings granting summary judgment.

## II.   LEGAL STANDARD

### A.   Summary Judgment Standard

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325; *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268

F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the outcome of the action.  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).  The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party.  *Nat'l Union*, 532 F.3d at 401.

Although the Court may consider other materials in the record, the Court only needs to consider cited materials.  FED. R. CIV. P. 56(c)(3).  The Court is not required to accept the non-movant's conclusory allegations, speculation, and unsubstantiated assertions which are either entirely unsupported, or supported by a mere scintilla of evidence.  *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 413 (5th Cir. 2003)); *see also Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (stating that "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden);  *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) (explaining that "a party's self-serving and unsupported claim" in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary).  Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED.

R. CIV. P. 56(c)(4); *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000);

*Hunter-Reed v. City of Hous.*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003).  Instead, the

nonmoving party must present specific facts which show "the existence of a genuine

issue concerning every essential component of its case."  *Am. Eagle Airlines, Inc. v.

Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (internal quotation

marks and citation omitted).  In the absence of any proof, the Court will not assume

that the non-movant could or would prove the necessary facts.  *Little v. Liquid Air

Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (citing *Lujan v. Nat'l Wildlife

Fed'n*, 497 U.S. 871, 888 (1990)).

### B.    <u>FDCPA Standard</u>

In the Fifth Circuit, whether a debt collection letter, or a portion thereof, would

mislead or deceive an unsophisticated or a least sophisticated consumer [4] is a question

of fact.  *See Gonzales*, 577 F.3d at 603, 605-06; *see also id.* at 607 (Jolly, J.,

dissenting) ("I believe that the majority takes the wrong road in turning to a jury to

decide what is a legal question in a case involving no factual disputes.").[5]  In

---

[4]     Due to the Fifth Circuit's reluctance to distinguish between the "unsophisticated" and the "least sophisticated" consumer, this Court will refer to both of them as "unsophisticated" consumers for ease of reference.

[5]     *See also Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 434, 440-42 (6th Cir. 2008); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999); *Brazier v. Law Offices of Mitchell N. Kay, P.C.*, No. 8:08-cv-156-t-17MAP, 2009 WL 764161, at *2 (M.D. Fla. Mar. 19, 2009).

*Gonzalez*, the Fifth Circuit reversed and remanded the district court's grant of summary judgment for a defendant debt collector. *Id.* at 607. A fact issue remained whether the collection letter at issue would deceive the unsophisticated consumer by suggesting that an attorney had reviewed the consumer's account. *Id.* at 606-07. The Fifth Circuit explained that:

> There are some letters that, as a matter of law, are not deceptive based on the language and placement of a disclaimer. At the other end of the spectrum, there are letters that are so deceptive and misleading as to violate the FDCPA as a matter of law . . . In the middle, there are letters that include contradictory messages and therefore present closer calls.

*Id.* at 606.[6] As explained by Judge Easterbrook in *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057 (7th Cir. 1999), "[u]nsophisticated readers may require more explanation than do federal judges; what seems pellucid to a judge, a legally sophisticated reader, may be opaque to someone whose formal education ended after sixth grade." *Id.* at 60.

"When deciding whether a debt collection letter violates the FDCPA, this court 'must evaluate any potential deception in the letter under an unsophisticated consumer standard.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Goswami v. Am. Collections Enters., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004)). Although the Court

---

[6]   This Court is bound by the Fifth Circuit's precedent in *Gonzalez*. As Judge Jolly explained in his dissent, before *Gonzalez*, the Fifth Circuit had not "expressly stated that the application of the unsophisticated consumer standard to the language of a debt collection letter is a question of law . . . ." 577 F.3d at 609-10.

7

assumes "the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors," the Court "do[es] not consider the debtor as tied to the very last rung on the [intelligence or] sophistication ladder." *Id.* (quoting *Goswami*, 377 F.3d at 495) (internal citation marks omitted).

An unsophisticated consumer "is not illiterate and can be expected to read the entire collection letter with some care." *See Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 867 (S.D. Tex. 2001) (Rosenthal, J.) (citing *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005)); *see also Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438-39 (6th Cir. 2008) (explaining that the court must "'presum[e] a basic level of understanding and willingness to read with care.'" (quoting *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007)). "This standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained[,] and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

The debt collection letter must be read as a whole to determine if it violates the FDCPA. *See Gonzalez*, 577 F.3d at 607; *Peter v. GC Servs. L.P.*, 310 F.3d 344, 349

(5th Cir. 2002). "'Even the least sophisticated debtor is bound to read collection notices in their entirety.'" *Osborn*, 821 F. Supp. 2d at 877 (quoting *Campuzano–Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008)); *see also Walker v. Pharia, LLC*, No. 4:09-cv-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (Means, J.) ("[E]ven an unsophisticated consumer should have read the entire document, including attachments, to discern the nature of the claim." (citing *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 595 (6th Cir. 2009))).

A defendant's contention that it did not intentionally violate the FDCPA only serves to mitigate the amount of damages. *See, e.g.*, *Taylor*, 103 F.3d at 1239. It is not a defense under the Act. *Id.*

## III.   ANALYSIS[7]

### A.   Withdrawn and Abandoned Claims

In response to Defendant's Motion for Summary Judgment, Plaintiff has withdrawn her claims in Counts IV, V, VI, VII, IX, and XI. Summary Judgment Response, at 2. Additionally, although Defendant moves for summary judgment on each of Plaintiff's claims, Plaintiff only addresses Defendant's arguments involving the Collection Letter's alleged representation that oral requests for proof of the debt or the name and address of the original creditor are sufficient to legally require

---

[7]   All arguments made by the parties but not addressed in this Memorandum and Order are rejected as lacking merit.

9

Defendant to temporarily suspend collection efforts.[8]  Plaintiff does not respond to Defendant's arguments concerning, or cite to any evidence supporting, her claims in Count III, paragraphs 63-67 of Count VIII, and paragraphs 77, 80, and 81 of Count XII.  Accordingly, the Court deems these claims abandoned and summary judgment dismissing them will be granted.  *See Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 113 (5th Cir. 2010) (The fact that [plaintiff] raised this argument in its complaint will not save it from waiver if it failed to present this argument in its summary judgment motions." (citation omitted)); *Vela v. City of Hous.*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Penrod v. Bank of N.Y. Mellon*, 824 F. Supp. 2d 754, 763 ("Plaintiffs' summary judgment response has abandoned the claim, offering no briefing on the subject." (citing *Vela*, 276 F.3d at 678-79)).  The Court, therefore, grants Defendant's Motion for Summary Judgment as to Counts III, IV, V, VI, VII, IX, and XI; paragraphs 63-67 of Count VIII; and paragraphs 77, 80, and 81 of Count XII.[9]

### B.    Count I: 15 U.S.C. § 1692g(a) Claim

In Count I of the Amended Complaint, Plaintiff alleges that Defendant "fail[ed] to meaningfully convey that requests under subsections (a)(4) and (a)(5) must be made

---

[8]    *See* Summary Judgment Response, at 5-6; Plaintiff's Motion for Partial Summary Judgment, at 4-7.

[9]    This ruling remains unchanged from the Court's May 6 Memorandum.

in writing." Amended Complaint, at 6.  A debt collector can violate a subsection of

§ 1629g in two ways.  *See Osborn*, 821 F. Supp. 2d at 868.  "First, a debt collector

violates § 1692g by failing to provide the information the statute requires." *Id.* (citing

*DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)).  Second, a debt

collector violates § 1692g if the debt collector's communication, by its form or

context, distorts or obfuscates the required disclosures in § 1692g.  *See Peter*, 310

F.3d at 348 (collecting cases).

The second page of the Collection Letter contains prominently, albeit at the

very end of the Collection Letter below the signature, the disclosures required by

subsections 1692g(a)(4) and (5) in a bolded paragraph labeled "IMPORTANT

NOTICE" (the "IMPORTANT NOTICE").[10]  This paragraph clearly informs

---

[10]    The IMPORTANT NOTICE says in bold font:

> IMPORTANT NOTICE. Federal law gives you 30 days after you
> receive this letter to dispute the validity of the debt or any part of it.
> Unless you dispute this debt, or any portion of it, within 30 days from
> receipt of this notice, we will assume the debt to be valid.  If you notify
> us in writing within 30 days after receipt of this notice that you dispute
> the debt, or any portion of it, we will obtain verification of the debt or
> copy of the judgment against you and mail you a copy. And, if you
> make a request in writing within 30 days of receipt of this notice, we
> will provide you with the name and address of the original creditor, if
> the original creditor is different form the current creditor.

Collection Letter, at 2.  Plaintiff also alleges that Defendant's Collection Letter
violated 15 U.S.C. § 1692g(a) by "failing to *inform* consumers that requests under
subsections (a)(4) and (a)(5) must be made in writing."  Amended Complaint, at 6
(emphasis added).  This claim fails as a matter of law.  The "IMPORTANT NOTICE"
informs consumers that the requests under subsections 1692g(a)(4) and (5) must be

consumers that the requests under subsections 1692g(a)(4) and (5) must be in writing.

In bold in the middle of the same page above the signature line, the Collection

Letter also contains the following paragraph in bold ("the Cessation Paragraph"):

> If you request proof of the debt or the name and address of the original
> creditor within the thirty (30) day period that begins with your receipt of
> this letter, the law requires W&R to suspend its efforts (through
> litigation or otherwise) to collect the debt until it mails the requested
> information to you.[11]

The inclusion of the Cessation Paragraph does not distort or obfuscate the language

in the IMPORTANT NOTICE as to the need for a writing to make an effective request

for proof of the debt or the name and address of the original creditor.[12] *See Peter*, 310

F.3d at 348.

The Cessation Paragraph addresses a different subject matter than the

IMPORTANT NOTICE. The Cessation Paragraph discusses when the law requires

Defendant to suspend its collection efforts. The consumer is informed that, by law,

collection efforts must cease upon such a request and only can resume once the

requested information is mailed. Unlike the IMPORTANT NOTICE, the Cessation

Paragraph does not address *how* a consumer "disputes the debt, or any portion of it"

---

in writing.

[11]    *Id.*

[12]    The Court addresses the impact of the Cessation Paragraph on the suspension of
collection efforts in Section III.D of this Memorandum and Order.

or "requests the name and address of the original creditor."  It also does not address, and therefore does not distort or obfuscate, what triggers Defendant's requirement to mail a verification of the debt or a copy of a judgment against the consumer or the name and address of the original creditor.  While the IMPORTANT NOTICE details the consumer's rights under subsection 1692g(a), the Cessation Paragraph discusses aspects of the consumer's additional and separate right set forth in the first sentence of subsection 1692g(b), namely, the right to obtain a suspension of collection of the debt.

The Court thus concludes that whether the Collection Letter violates is 15 U.S.C. § 1692g(a)(4) and (5) is an issue that can be determined as a matter of law and finds, as a matter of law, that an unsophisticated consumer would not assume that the omission of in writing in the Cessation Paragraph negates the inclusion of "in writing" in the IMPORTANT NOTICE.  The Collection Letter meaningfully conveys to an unsophisticated consumer in the IMPORTANT NOTICE that to obtain a "verification of the debt or a copy of a judgment" or "the name and address of the original creditor," the consumer must contact Defendant in writing within 30 days of the receipt of the letter.  The Court accordingly grants Defendant's Motion for Summary Judgment as to Count I.

### C.   Count II: 15 U.S.C. § 1692g(b) Claim

Defendant also seeks summary judgment as to Count II.  *See* Defense Motion for Summary Judgment, at 9-12.[13]  In Count II, Plaintiff first alleges that Defendant violated 15 U.S.C. § 1692g(b) by either actually contradicting or failing to explain an apparent contradiction between the Collection Letter's disclosures pursuant to § 1692g(a)(4) and (5) and the Cessation Paragraph.  Under § 1692g(b) of the FDCPA:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector . . . .  Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).  The Fifth Circuit has interpreted the final sentence of subsection 1692g(b) to mean that "[a] debt collector may violate Section 1692g if other language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice" in subsection 1692g(a). *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012).  As the Fifth Circuit

---

[13]   Plaintiff does not seek summary judgment on Count II.  *See generally* Plaintiff Motion for Partial Summary Judgment, at 4-8 (moving for summary judgment solely on claims based on section 1692e).

explained in *McMurray*, the FDCPA did not "expressly preclude[] language in a collection letter from overshadowing or contradicting the mandated notice, but courts had grafted such a requirement onto the statute" before the addition of this language to subsection 1692g(b) in 2006. *See id.* at 668 n.1.  Accordingly, this Court employs similar analysis to claims brought under subsections 1692g(a) and (b).

The Court concludes, as a matter of law, that just as the Cessation Paragraph does not distort or obfuscate the required disclosures in  subsections 1692g(a)(4) and (5), it does not overshadow and is not inconsistent with these required disclosures, when the Collection Letter is read as a whole.  As noted, the Cessation Paragraph only discusses aspects of how a consumer may require a debt collector to suspend collection efforts.  It does not explain how the consumer exercises her right to dispute the debt or to request the name and address of the original creditor.[14]  Accordingly, the Court concludes that the Cessation Paragraph does not, as a matter of law, overshadow or contradict the disclosures in the IMPORTANT NOTICE.

Second, Plaintiff also contends in Count II that omission of the words "in writing" in the Cessation Paragraph "would lead the least sophisticated consumer to believe that if she requested proof of the debt, or the name and address of the original

---

[14]    The reference to the consumer's rights to dispute the debt and ask for the name of the original creditor in the Cessation Paragraph suggests to the consumer that she has those rights, but the manner in which the consumer may exercise the rights is addressed elsewhere, specifically, in the IMPORTANT NOTICE.

creditor, regardless of whether the request was made orally or in writing, Defendant would be required to suspend its collection efforts."[15]  Subsection 1692g(b) does not require the debt collector to inform the consumer of its obligation to cease collection under these circumstances.  *See Peter*, 310 F.3d at 348 (citing 15 U.S.C. § 1692g(a), (b)).  Although the debt collector, during the 30-day period triggered by the debt collection notice, may not engage in "[a]ny collection activities and communication" that "overshadow[s] or [is] inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor," 15 U.S.C. § 1692g(b), the Cessation Paragraph's omission of the words "in writing" when explaining the debt collector's obligation to cease collection efforts does not overshadow or contradict a consumer's right to dispute her debt or request information about the original creditor.[16]

The Collection Letter's formatting also indicates to an unsophisticated consumer that the Cessation Paragraph does not modify the IMPORTANT NOTICE. The information required in subsections 1692g(a)(4) and (5) is conveyed separately on a different part of the Collection Letter's second page, in the IMPORTANT

---

[15]     Amended Complaint, at 8.

[16]     The Court addresses the issue of a consumer's obtaining suspension of the debt collector's collection efforts separately in Section III.D of this Memorandum and Order.

16

NOTICE.  The IMPORTANT NOTICE's introductory phrase and location below the signature line separates it from the information conveyed in the rest of the Collection Letter.  Further, as in *Osborn*, "[t]he format of the letter does not have the effect of concealing the notice."  821 F. Supp. 2d at 873.  Both paragraphs appear on the same page, in bold, and in the same font.

Therefore, the Court concludes that this issue also can be decided as a matter of law and that the omission of the phrase "in writing" in the Cessation Paragraph does not overshadow, visually or otherwise, and is not inconsistent with, the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.  Defendant's Motion for Summary Judgment is granted as to Count II.

### D.    Count VIII: 15 U.S.C. § 1692e(10) Claim

Plaintiff and Defendant, respectively, seek summary judgment on Plaintiff's claim under 15 U.S.C. § 1692e(10) of the FDCPA, found in paragraph 62 of Count VIII of the Amended Complaint.  Section 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  This section contains a non-exhaustive list of representations and collection methods that violate this provision.  *See id.*  Subsection 1692e(10) makes it unlawful to "use of any false representation or

deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

Plaintiff alleges that Defendant falsely represented "that an oral request for proof of the debt or the name and address of the original creditor legally requires Defendant to suspend its efforts to collect the debt until it mails the requested information."[17] Defendant asserts that the Collection Letter does not violate 15 U.S.C. § 1692e because the Cessation Paragraph is "silent on the form of communication required to dispute or validate the debt" and that the IMPORTANT NOTICE makes clear that disputes or requests must be made "in writing."[18]

Subsection 1692g(b) explains that for a debt collector to be temporarily required to cease collection efforts, a consumer must dispute in writing the debt or request the name and address of the original creditor.  The Cessation Paragraph omits the "in writing" language and does not specify how a request for proof of the debt or the name and address of the original creditor must be made to require Defendant to cease collection efforts.  The Cessation Paragraph fails to alert the consumer that:

---

[17]    Amended Complaint, at 14, 18; *see also* Summary Judgment Response, at 4-5.  In her Amended Complaint, Plaintiff only alleges that these representations were false, not that they were misleading.  *See* Amended Complaint, at 14-15.  However, because Defendant construes the Amended Complaint to include allegations that the representations were misleading, *see* Doc. # 34, at 19-20, the Court concludes that Defendant had adequate notice of Plaintiff's "misleading representation" theory and construes Count VIII of the Amended Complaint accordingly.

[18]    *See* Defendant's Motion for Summary Judgment, at 10-11.

> An oral notice of dispute of a debt's validity has different legal consequences than a written notice . . . if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt.

*Osborn*, 821 F. Supp. 2d at 869 (citing *Withers v. Eveland*, 988 F. Supp. 942, 947 (E.D. Va. 1997)).[19]

While the inconsistency on which Plaintiff relies does not amount to a "false" statement, the Court finds a matter of law that the omission of "in writing" likely would mislead an unsophisticated consumer. The two of the paragraphs preceding the Cessation Paragraph instruct the consumer to call the debt collector if the debtor wishes to "resolve this matter amicably" or if "extenuating circumstances exist for paying less than the amount owed."[20] Defendant's phone number appears a few lines above the Cessation Paragraph. An unsophisticated consumer easily could interpret

---

[19]    In *Osborn*, the court rejected the argument that a debt collection letter did not violate the FDCPA because its omission of the word "in writing" in its subsection 1692g(a)(4) and (5) disclosures expanded consumers' ability to dispute the debt or request the name and address of the original creditor by allowing oral disputes and requests. 821 F. Supp. 2d at 870-71. The court concluded that the letter failed to relay the different legal consequences of disputing the debt or making this request orally versus in writing. *Id.* The Cessation Paragraph similarly violates the FDCPA even though Defendant claims, for the first time in its Motion for Reconsideration, that it ceases its collection efforts when an oral dispute or request is made. The Cessation Paragraph purports to explain when "the law requires W&R to suspend its efforts," Collection Letter, at 2, when, in fact, the law does not require Defendant to cease collection upon a merely oral request.

[20]    Collection Letter, at 2.

Defendant's prior requests that she contact Defendant by phone as suggesting that oral communications were sufficient to legally require Defendant to cease collection efforts.

The Court is not persuaded that an unsophisticated consumer would understand that, for temporary cessation of collection efforts by Defendant, a writing is required based on the language in the IMPORTANT NOTICE.  Although the IMPORTANT NOTICE states that a consumer must dispute the debt in writing to obtain "verification of the debt or copy of the judgment" and must request the original creditor's name and address in writing to obtain "the name and address of the original creditor," the IMPORTANT NOTICE does not mention cessation of collection efforts, nor discuss what a consumer must do if she wishes Defendant to temporarily cease collection efforts.  Indeed, cessation of collection is discussed only  in the Cessation Paragraph. An unsophisticated consumer could interpret the Cessation Paragraph as instructing her how to trigger the suspension of collection efforts but refer to the IMPORTANT NOTICE for information on how to obtain the information described there without appreciating that the request to obtain cessation of collection efforts needed to be in writing.

An unsophisticated consumer cannot be expected to utilize somewhat intricate deductive reasoning to link concepts set forth in separate places in the Collection

Letter, particularly when the focus of each section appears to be different.

An unsophisticated consumer also is unlikely to look to the IMPORTANT NOTICE for clarification because of Defendant's terminology and the layout of the Collection Letter. The Cessation Paragraph refers to "requesting proof of the debt" while the IMPORTANT NOTICE discusses "disputing the debt." An unsophisticated consumer may not realize that these phrases refer to the same action. The IMPORTANT NOTICE additionally does not appear to limit or qualify the Cessation Paragraph. It is separated from the Cessation Paragraph by another paragraph and the signature block. The only references to "in writing" in the Collection Letter are buried near the end of the IMPORTANT NOTICE, the longest of the Collection Letter.

Accordingly, the Court concludes that the Collection Letter is "so deceptive and misleading as to violate the FDCPA as a matter of law," *Gonzales*, 577 F.3d at 606, denies Defendant's Motion for Summary Judgment as to paragraph 62 of Count VIII, and grants Plaintiff's Partial Motion for Summary Judgment as to the subsection 1692e(10) claim.

### E.     Count XII: Texas Financial Code § 392.304(a)(19) Claim

Defendant seeks summary judgment as to Plaintiff's TDCA claim under Texas Financial Code § 392.304(a)(19), found in paragraph 76 of Count XII of the Amended Complaint. Although Plaintiff does not seek summary judgment on this claim, *see*

*generally* Plaintiff Motion for Partial Summary Judgment, at 4-8, the allegations based on subsection 392.304(a)(19) in paragraph 76 of Count XII are identical to the allegations based on section 1692e(10) of the FDCPA in paragraph 62 of Count VIII.[21] Additionally, "[t]he FDCPA and the TDCA are very similar." *See Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 666-67 (N.D. Tex. 2010) (citing *Bullock v. Abbott & Ross Credit Servs., L.L.C.*, No. A-09-CV-413 LY, 2009 WL 4598330, at *2 n.3 (W.D. Tex. Dec. 3, 2009); *Prophet v. Myers*, 645 F. Supp. 2d 614, 617 & n.3 (S.D. Tex. 2008)).   Subsection 392.304(a)(19) of the Texas Financial Code makes it unlawful for a debt collector to "us[e] any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."   Subsection 1692e(10) makes it unlawful to "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   Accordingly, the Court construes Plaintiff's Motion for Partial Summary Judgment as also seeking summary judgment on her subsection 392.304(a)(19) claim.[22]   *See Casper v. City of Lago Vista*, 177 F.3d 997, at *5 (5th Cir. 1999) (per

---

[21]   *See* Amended Complaint, at 14, 18.

[22]   The Supreme Court has explained that "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *see also Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770-71 (5th Cir. 2000).   This case meets that standard.   Defendant had the opportunity to fully brief and to provide its evidence pertaining to the theory on
(continued...)

curiam) (unpublished) ("Given our disposition of the federal claims, summary judgment is proper on the remaining state claims as well.").  For the reasons stated in Section III.D of this Memorandum and Order, the Court denies Defendant's Motion for Summary Judgment and grants summary judgment in favor of the Plaintiff on the subsection 392.304(a)(19) claim in paragraph 76 of the Amended Complaint.  *See Cox*, 726 F. Supp. 2d at 667.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, it is hereby

**ORDERED** that the May 6 Memorandum [Doc. # 40] is **VACATED.**  It is further

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 41] is **GRANTED** to the extent set forth in this opinion, and Plaintiff's Motion for Partial Summary Judgment [Doc. # 33] on paragraph 62 of Count VIII is **GRANTED.**  It is further

**ORDERED** that Defendant's Motion for Reconsideration [Doc. # 41] is **GRANTED** to the extent set forth in this opinion.  Defendant's Motion for Summary Judgment [Doc. # 34] is **GRANTED in part** as to Counts I, II, III, IV, V, VI, VII, IX, and XI; paragraphs 63-67 of Count VIII; and paragraphs 77, 80, and 81 of Counts XII

---

[22]     (...continued)
which this claim is founded.

of the Amended Complaint [Doc. # 6] and **DENIED in part** as to paragraph 62 of

Count VIII and paragraph 76 of Count XII of the Amended Complaint.  It is further

  **ORDERED** that on or before **June 25, 2013**, Defendant may file a motion for

reconsideration as to the portion of the Court's Memorandum and Order addressing

Texas Financial Code § 392.304(a)(19).

  SIGNED at Houston, Texas this  14th   day of **June, 2013.**

            Nancy F. Atlas

           United States District Judge